NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RUSSELL REGO,** | : |
| Plaintiff, | : Civil Action No. 13-1871 (MLC) |
| v. | : MEMORANDUM OPINION |
| **CONTINENTAL AIRLINES, INC., et al.,** | : |
| Defendants. | : |

This matter comes before the Court upon Plaintiff Russell Rego's ("Plaintiff") request for leave to file a First Amended Complaint [Docket Entry No. 12] to assert violations of the New Jersey Conscientious Employee Protection Act ("CEPA"), breach of contract, and a violation under the New Jersey State Constitution by the Defendant Continental Airlines, Inc. ("CAI"). CAI opposes Plaintiff's Motion to Amend [Docket Entry No. 13]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Cɪᴠ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion is DENIED.

I. **Background and Procedural History**

This case involves CAI's alleged violations of CEPA, breach of contract, and a violation of the Plaintiff's rights under the New Jersey State Constitution. (*See Plaintiff's Notice of Motion* at 2; Docket Entry No. 12). All relevant procedural history is taken from the District Court's Order ("Order") dated May 7, 2013 [Docket Entry No. 9]. Plaintiff first filed this action in the Superior Court of New Jersey, Middlesex Division against CAI and several other individual defendants on February 10, 2011. On September 2, 2011 the Middlesex Superior Court *sua sponte* dismissed

the Plaintiff's Complaint for failure to serve a party. On August 10, 2012 the Middlesex Superior Court reinstated the action in its entirety based on a motion by Plaintiff. However, Plaintiff's Complaint was dismissed again *sua sponte* by the Middlesex Court on December 14, 2012 because Plaintiff failed to serve any of the parties.

On February 22, 2013 the Middlesex Superior Court reinstated the action insofar as the action was brought against CAI only and none of the individual defendants who were earlier named. CAI then removed this action to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. Subsequent to the action being removed, Plaintiff filed an amended complaint ("State Court Amended Complaint") in Middlesex Superior Court, but failed to file one with this Court. In the interim, CAI filed a motion to dismiss. By Order dated May 7, 2013, the Honorable Mary L. Cooper denied CAI's motion to dismiss without prejudice and ordered Plaintiff to move before this Court for leave to file an amended complaint. Moreover, Judge Cooper required that the proposed amended complaint list CAI as the sole defendant, contain allegations solely against CAI, and include a statement as to the amount of damages Plaintiff seeks. (*See Order* at 3).

Plaintiff was further advised "to refrain from simply restating the contents of the amended pleading" that was filed in the Middlesex Superior Court "as that pleading is insufficient." (*Id.*) Additionally, the District Court warned that if Plaintiff failed to file a motion for leave to amend and if he failed to include a statement of damages in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules in the proposed amended complaint, that the remaining claims in the action would be dismissed. (*Id.* at 4).

Plaintiff now seeks leave to file an Amended Complaint pursuant to the District Court's Order as well as Fed.R.Civ.P. 15(a)(2). Plaintiff argues that the Court should "freely grant leave

'when justice so requires.'" (*Plaintiff's Notice of Motion* at 2). Further, Plaintiff asserts that leave is generally granted unless there is undue delay, prejudice, bad faith, dilatory motive, repeated failures through deficiencies through previous amendments, or futility. (*Id.*) Plaintiff submits that none of the above factors are present here and thus Plaintiff's motion should be granted.

CAI opposes Plaintiff's motion. CAI asserts the motion does not satisfy the District Court's Order and additionally argues that the proposed amended pleading does not satisfy Fed.R.Civ.P.15(a)(2). (*CAI's Letter Brief in Opposition* at 1; Docket Entry No. 13). CAI argues the Plaintiff failed to comply with the District Court's Order because the proposed Amended Complaint does not contain a statement as to the amount of damages Plaintiff seeks. (*Id.* at 2). Moreover, CAI contends that, with the exception of a few additional factual statements, Plaintiff has essentially restated the State Court Amended Complaint filed in Middlesex County. (*Id.*)

Furthermore, CAI argues the Plaintiff failed to satisfy Fed.R.Civ.P.15(a)(2) because the amendment would be futile. (*Id.*) CAI asserts that the remaining counts which appear in the proposed Amended Complaint are "substantially identical" to counts of the State Court Amended Complaint, which was dismissed as being insufficient, and that, therefore, the proposed Amended Complaint "contains the same infirmities as the prior pleading[.]" (*Id.* at 3). CAI believes the proposed amendment would be futile because if leave to amend was granted, CAI would promptly re-file a motion to dismiss pursuant to Fed.R.Civ.P.12(b). (*Id.*)

**II.    Analysis**

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.*

Here, CAI asserts that Plaintiff's motion should be not be granted because the proposed pleadings do not comply with the District Court's Order. The Court finds CAI's argument persuasive. Plaintiff failed to comply with the clear requirements of the Order in that the proposed Amended Complaint does not include a statement as to the amount of damages and hardly differs in substance from the Complaint that was filed in Middlesex County Superior Court. Upon the Court's review, with the exception of a few additional factual allegations and some counts being removed, the proposed Amended Complaint is essentially the same as the Complaint that was filed in Middlesex County. Because this Court finds that Plaintiff failed to comply with the District Court's May 7, 2013 Order, the Court shall decline to address CAI's futility argument. Therefore, Plaintiff's motion for leave to file an Amended Complaint is DENIED.[1]

---

[1] Although not raised by CAI, the Court also finds that it noteworthy that Plaintiff's submission does not

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is DENIED. An appropriate Order follows.

Dated: July 8, 2013

                                                s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

---

appear to comply with L.Civ.R.7.1. Local Civil Rule 7.1(d) (4) states "[i]n lieu of filing any brief pursuant to L.Civ.R.7.1(d)(1), (2) or (3), a party may file a statement that no brief is necessary and the reasons therefore." The Plaintiff has not filed a brief with his motion, nor has the Plaintiff asserted that no brief is necessary. Courts have denied a motion for failure to comply with the Local Civil Rules. *Santos v. Bledsoe*, NO. 3:10-CV-1599, 2011 U.S. Dist. LEXIS 94260, at *8-10 (M.D. Pa. Aug. 23, 2011) (denying movant's motion in part because movant did not file a brief with the movant's motion); *Lamberty v. Rosenberg*, No. 05-227, 2008 U.S. Dist. LEXIS 25873 (D.N.J. Mar. 31, 2008) (Mem.) (denying movant's motion because the movant failed to comply with L. Civ. R. 7.1(d)). However, in light of the above, the Court is not relying on this consideration in formulating its decision.