**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| RUSSELL REGO, | : | CIVIL ACTION NO. 13-1871 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| CONTINENTAL AIRLINES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

    **THE PLAINTIFF**, <u>inter alia</u>, seeks to remand the action to state court.  (<u>See</u> dkt. entry no. 27, Pl. Notice of Cross Mot.)  For the following reasons, the Court will remand the action to state court.

    **THE PLAINTIFF**, who is a New Jersey citizen, commenced this action in New Jersey state court on February 10, 2011.  (<u>See</u> dkt. entry no. 1-1, Compl.)  The plaintiff originally named: (1) the defendant, Continental Airlines, Inc. ("CAI"), which is not deemed to be a New Jersey citizen; and (2) several individuals, some of whom apparently are New Jersey citizens.  (<u>See</u> dkt. entry no. 1, Notice of Removal at 4.)  The Complaint contained no assertion as to the specific amount in controversy.  (<u>See</u> Compl. at 1-13.)

    **CAI** became the only remaining defendant pursuant to a state-court order issued on February 22, 2013 ("February 2013 State Court Order").  (<u>See</u> dkt. entry no. 1-2, 2-22-13 State Court

Order; see also dkt. entry no. 9, 5-7-13 D.N.J. Order at 3
(stating "CAI is the only viable defendant remaining in this
action pursuant to the February 2013 [State Court] Order").)[1]  As
a result, CAI removed the action in March 2013 pursuant only to
the subject-matter jurisdiction afforded by 28 U.S.C. §
("Section") 1332 by asserting (1) the existence of diversity of
citizenship between the plaintiff and CAI, and (2) that the
amount in controversy exceeded $75,000.  (See Notice of Removal
at 4-5.)

    **IN SUPPORT** of the request to remand, the plaintiff
repeatedly stipulates that the amount in controversy is not in
excess of $75,000 and thus argues that the Court lacks
jurisdiction under Section 1332.  (See, e.g., dkt. entry no. 27-
2, Pl. Br. at 1 ("plaintiff is willing to assert and agree that
if this matter proceeds in state court, plaintiff's damages will
not exceed $75,000, exclusive of interest and costs").)

    **CAI** in opposition argues that "[w]hen the 'plaintiff after
removal, by stipulation, by affidavit, or by amendment of his
pleadings, reduces the claim below the requisite amount, this
does not deprive the district court of jurisdiction.' [St. Paul
Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938)]".
(Dkt. entry no. 29, Def. Br. at 3.)

---

    [1]  The caption on this Memorandum Opinion reflects that CAI
is the sole viable defendant.

**CAI'S ARGUMENT** is without merit here.  The plaintiff cannot be accused of attempting to avoid federal court by "reduc[ing] the claim below the requisite amount" because he did not initially allege a specific amount that is in excess of the jurisdictional threshold of Section 1332.  Indeed, the plaintiff did not allege a specific amount in the initial pleadings at all. See Standard Fire Ins. Co. v. Knowles, 133 S.Ct 1345, 1350 (2013) (stating "[it] is so" that "federal courts permit individual plaintiffs, who are masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement"); Angus v. Shiley, Inc., 989 F.2d 142, 145 n.3 (3d Cir. 1993) (stating that "it is conceivable that a court justifiably might consider a subsequent stipulation as clarifying rather than amending an original pleading"); Kesting v. Grayson Mitchell, Inc., No. 06-2458, 2006 WL 2321508, at *1 (E.D. Pa. Aug. 4, 2006) (granting remand based on plaintiff's stipulation because "Complaint did not specify an exact amount of damages, nor did it demand damages in excess of the federal jurisdictional amount"); Rudolph v. Taylor, No. 03-505, 2004 WL 51270, at *1-2 (D. Del. Jan. 5, 2004) (granting remand based on plaintiff's stipulation, as plaintiff had not filed pleading before removal indicating amount that met Section 1332 threshold); cf. Rios v. Cabrera, No. 10-636, 2010 WL 2640191, at

3

*3 (M.D. Pa. June 30, 2010) (denying remand because "Complaint clearly contains a demand for $95,954.82", and thus plaintiff's willingness to stipulate to lesser amount after removal is suspect).

**THE COURT** also notes that the removal appears to have been untimely.  CAI removed the action in March 2013 within thirty days of the issuance of the February 2013 State Court Order, but that removal occurred more than one year after the plaintiff commenced the action in state court in 2011.  See 28 U.S.C. § 1446(b) (2011) (now found under Section 1446(c)(1)).[2]

**THE COURT** will grant the plaintiff's request to remand.  For good cause appearing, the Court will issue an appropriate order and judgment.[3]


                                    s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

Dated:  February 28, 2014

---

[2]  This one-year limitation is now located under Section 1446(c)(1), but the version of Section 1446(b) in effect in 2011 applies here.  See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L.No. 112-63, 125 Stat. 758 (stating amendment applies to actions commenced in or after 2012, and that an action removed to federal court is deemed to have been commenced on the date the action was commenced in state court).

[3]  The Court will dispose of the remaining requests for relief in the aforementioned order and judgment.